AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
для the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>SHARRON LAVERNE PARRISH, JR.<br><br>_____<br>*Defendant(s)* | )<br>)<br>) Case No.<br>) 8:14-MJ-<br>) **8:14 MJ 1534 AEP**<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __December 8, 2012 to the present__ in the county of __Hillsborough and elsewhere__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1343 | Wire fraud |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

BRYAN HALLIWELL, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/8/14

_____
*Judge's signature*

City and state: Tampa, Florida        ANTHONY E. PORCELLI, U.S. Magistrate Judge
*Printed name and title*

# **AFFIDAVIT**

1. I, Bryan Halliwell, Special Agent, United States Secret Service, being duly sworn to tell the truth, state the following information:

2. I am employed as a Special Agent with the United States Secret Service and have been so employed since April 2000. I am currently assigned to the Tampa Field Office. During the course of my career with the United States Secret Service, I have led, conducted, and participated in criminal investigations involving bank fraud, wire fraud, identity theft, and access device fraud.

3. The facts set forth in this affidavit are based on my personal knowledge, information and documents provided to me in my official capacity, information obtained from other individuals, including law enforcement officers involved in this investigation, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstance described herein, and information gained through my training and experience. The statements contained in this affidavit are true and correct to the best of my knowledge and belief.

4. Based on the information contained in this affidavit, I believe there is probable cause to charge **Sharron Laverne Parrish, Jr.** with wire fraud, in violation of 18 U.S.C. § 1343.

5. This affidavit is intended to demonstrate only that there exists probable cause to support a complaint to charge **Sharron Laverne Parrish, Jr.** with wire fraud and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in the affidavit are related in substance and in part only.

## **PROBABLE CAUSE**

### A. Introduction

6. In an effort to aid in review of this affidavit and provide overall understanding of the scheme, I will summarize the nature of the fraudulent activities identified during this investigation. Attribution of these facts will follow. In sum, I have probable cause to believe that from at least on or about December 8, 2012, through the present, **Sharron Laverne Parrish, Jr.**, has engaged in wire fraud by providing fake bank authorization codes to merchants, particularly Apple, which allows him to override denials of his cancelled bank and debit cards when he makes purchases. The total loss identified to date exceeds $300,000.

7. Typically, when a person attempts to use a bank card or debit card to make an electronic purchase, the merchant at the store swipes the person's Visa or MasterCard at a point of sale terminal. When this occurs, a bank authorization code is generated by the institution that issued the credit or debit card. This code signals to the vendor that the credit or debit account is active, that there are funds or credit available, and allows the vendor to accept payment using that card. Conversely, if the financial institution determines that the swiped card is affiliated with a closed account or there are insufficient funds or credit to cover the purchase, no bank authorization code is generated and instead, the merchant cashier receives a declination.

8. **Sharron Laverne Parrish, Jr.** has three Chase debit cards and one SunTrust debit card of which your affiant is aware, all of which are associated with closed accounts at these institutions. Thus, these debit cards, if used properly, would be declined by merchants when swiped at the point of sale terminals. **Parrish** has devised and employed a scheme, however, whereby he continues to use these cancelled debit cards, primarily to purchase expensive electronics, rent cars, and stay at hotels. When Parrish's cancelled debit cards are

2

declined, he pretends to call his financial institution and obtain an authorization code. **Parrish** then provides the merchant with a fraudulent six-digit bank authorization code, represents to the merchant that his debit cards and accounts are still active, and instruct the cashier to hand key in the six-digit code. This causes the merchant to override the declination and allows the transaction to go through even though, in reality, **Parrish** has no operational accounts or funds to pay for the merchandise. This practice is commonly referred to as "force posting."

9. This investigation to date has shown that **Sharron Laverne Parrish, Jr.** has provided Apple stores in the Middle District of Florida and elsewhere with fake bank authorization codes which has allowed him to "force post" through approximately 42 different transactions using debit cards from his closed Chase and SunTrust accounts creating a fraud loss to Apple alone totaling approximately $309,768.41. There is an additional $50,931.76 in intended loss to Apple from an additional seven transactions that were either aborted by **Parrish, Jr.** in the store, or declined by Apple. Further, a review of Parrish's transaction history for these four accounts shows transactions that were attempted and initially declined at Enterprise car rental, as well as the Westin in Seattle, Washington, and other hotels.

10. Your affiant is aware that when **Parrish, Jr.** uses his closed Chase and SunTrust debit cards to commit this fraud, it results in interstate wire transmissions being sent from the point of sale terminal at the retailer, including those located in the Middle District of Florida, to the computers and servers of Chase and SunTrust, which are located outside the state of Florida in Delaware and Nebraska, respectively.

### B. Fraudulent Transactions

11. On or about January 18, 2013, **Sharron Laverne Parrish, Jr.** entered the Apple store located at 459 Brandon Town Center, Brandon, Florida, and made a purchase in the amount

of $7,753.22. The transaction was made by **Parrish, Jr.** using his Chase Bank debit card ending in -0319 and was originally declined by Apple. **Parrish, Jr.** provided Apple employees with the fake Chase Bank authorization code of 000738 to "force post" the transaction and manually override the declination, allowing him to successfully complete the purchase. Apple Investigator J.S. provided a copy of the receipt for the transaction which listed **Sharron L. Parrish, Jr.** as the customer. Chase Bank Investigator S.D. confirmed the Chase Bank debit card ending in -0319 was issued to **Sharron Laverne Parrish, Jr.**, with the defendant's date of birth, was never reported as lost or stolen, and was linked to his Chase checking account ending in -4377, which was closed in or around June 2012. Because Apple employees overrode the initial declination against the instructions of Chase Bank, Apple, not the financial institution, suffered the loss as a result of this fraudulent transaction.

12. On or about February 21, 2013, **Sharron Laverne Parrish, Jr.**, entered the Apple Store located at 6000 West Glade Road, Boca Raton, Florida, and attempted to make a purchase in the amount of $6,296.00. The transaction was attempted by **Parrish** using his Chase Bank debit card ending in -1315 and was declined by Apple. In this instance, Apple employees did not enter a bank authorization code to override the declination and **Parrish** left the store. Apple Investigator J.S. provided surveillance photos of the attempted purchase that show **Parrish** as the individual attempting to make the purchase. Your affiant compared these photos to his State of Florida Driver's License photo and made a positive ID. In addition, this investigator is familiar with Parrish, has seen him in several stores, and identified him on the surveillance video stills. Chase Bank Investigator S.D. confirmed the Chase Bank debit card ending in -1315 was issued to **Sharron Laverne Parrish, Jr.**, was never reported as lost or stolen, and was linked to a closed account that was closed in or around April 2012.

13. Continuing on or about February 21, 2013, **Sharron Laverne Parrish, Jr.**, entered the Apple Store located at 10300 W. Forrest Hill Boulevard, Wellington, Florida, and made a purchase in the amount of $7,362.76. The transaction was made by **Parrish** using his Chase Bank debit card ending in -0319 and was originally declined by Apple. This is the same card used by Parrish in the transaction described in paragraph 11. **Parrish** provided Apple employees with the fake Chase Bank authorization code of 000738 to "force post" the transaction and manually override the declination, allowing him to successfully complete the purchase. Apple Investigator J.S. provided a copy of the receipt for the transaction, which listed **Sharron L. Parrish, Jr.** as the customer. Chase Bank Investigator S.D. confirmed that Chase Bank debit card ending in -0319 was issued to **Sharron Laverne Parrish, Jr.**, was never reported as lost or stolen, and was linked to his Chase checking account ending in -4377, which was closed in or around June 2012.

14. On or about June 13, 2013, **Sharron Laverne Parrish, Jr.** entered the Apple store located at 459 Brandon Town Center, Brandon, Florida, and made a purchase in the amount of $7,432.22. The transaction was made by **Parrish** using his Chase Bank debit card ending in -1315 (the same card as paragraph 12) and was originally declined by Apple. **Parrish** provided Apple employees with the fake Chase Bank authorization code of 063416 to "force post" the transaction and manually override the declination, allowing him to successfully complete the purchase. Apple Investigator J.S. provided a copy of the receipt for the transaction, which listed **Sharron Parrish** as the customer. Apple Investigator J.S. also provided surveillance photos of the transaction, which show **Parrish** as the individual making the purchase. Chase Bank Investigator S.D. confirmed that Chase Bank debit card ending in -1315

was issued to **Sharron Laverne Parrish, Jr.**, was never reported as lost or stolen, and was closed in or around April 2012.

15. On or about October 16, 2013, **Sharron Laverne Parrish, Jr.** entered the Apple store located at 4200 Conroy Road, Orlando, Florida, and made a purchase in the amount of $7,397.51. The transaction was made by **Parrish** using his Chase Bank debit card ending in -1315 and was originally declined by Apple. **Parrish** provided Apple employees with the fake Chase Bank authorization code of 069927 to "force post" the transaction through and manually override the declination, allowing him to successfully complete the purchase. Apple Investigator J.S. provided a copy of the receipt for the transaction, which listed **Sharron L. Parrish, Jr.** as the customer. Apple Investigator J.S. also provided surveillance photos of the transaction which show **Parrish, Jr.** as the individual making the purchase. Chase Bank Investigator S.D. confirmed that Chase Bank debit card ending in -1315 was issued to **Sharron Laverne Parrish, Jr.**, was never reported as lost or stolen, and was closed in or around April 2012.

16. The transactions described above are a mere sample of some of the purchases made by **Parrish, Jr.** using the "force post" method of defrauding Chase and SunTrust. As noted above, investigators have to date identified more than 40 fraudulent transactions, all of which are similar if not identical to those described herein, that victimize and attempt to victimize retailers, primarily Apple, in 16 states, to include Florida, Georgia, Washington DC, Pennsylvania, Washington, Utah, Nevada, Missouri, Colorado, Kentucky, New York, Connecticut, Oregon, Virginia, Ohio, Louisiana, and North Carolina.

## CONCLUSION

17. Based on the above facts, your affiant submits probable cause exists that from at least December 8, 2012, through the present, **Sharron Laverne Parrish, Jr.** committed wire fraud by providing fake bank authorization codes to merchants in order to "force post" through otherwise declined transactions on closed debit card accounts, and in doing so fraudulently obtained hundreds of thousands of dollars of merchandise. Thus, your affiant respectfully requests that this Court issue an arrest warrant pursuant to 18 U.S.C. § 1343.

This completes my affidavit.

Bryan Halliwell, Special Agent
United States Secret Service


Sworn to and subscribed before me
this ___8th___ day of July, 2014.

ANTHONY E. PORCELLI
United States Magistrate Judge